STATE OF MINNESOTA

IN SUPREME COURT

A24-0336

Original Jurisdiction                                                                    Per Curiam

In re Petition for Disciplinary Action Against                    Filed: January 2, 2025
Anders L. Odegaard, a Minnesota Attorney,                   Office of Appellate Courts
Registration No. 0399628.

_____

Susan M. Humiston, Director, Office of Lawyers Professional Responsibility, Saint Paul, Minnesota, for petitioner.

Anders L. Odegaard, Warren, Minnesota, pro se.

_____

S Y L L A B U S

Disbarment is the appropriate discipline for an attorney who commits murder.

Disbarred.

OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility (Director) filed a petition for disciplinary action against respondent Anders L. Odegaard. The petition alleged that, by committing murder, Odegaard violated Minn. R. Prof. Conduct 8.4(b), which establishes that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in

other respects." Odegaard failed to respond to the petition or participate in any disciplinary proceedings. The Director asserts that the appropriate discipline is disbarment. We agree. Based on his misconduct, we disbar Odegaard from the practice of law.

## FACTS

Odegaard was admitted to practice law in Minnesota on February 28, 2018. On February 29, 2024, the Director filed a petition for disciplinary action against Odegaard, alleging that he had violated Minn. R. Prof. Conduct 8.4(b). The Director personally served Odegaard, but Odegaard failed to answer the petition. Therefore, we deemed the allegations in the petition admitted. *See* Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). The admitted allegations of misconduct are as follows.

On August 31, 2022, the Marshall County Attorney charged Odegaard with murder in the second degree. The criminal complaint alleged that Odegaard murdered his ex-wife during an assault that took place in front of their minor child. On December 22, 2023, Odegaard pled guilty to and was convicted of second-degree felony murder, in violation of Minn. Stat. § 609.19, subd. 2(1) (2024). On January 29, 2024, the district court sentenced Odegaard to serve 220 months in prison.

After we deemed the allegations in the petition admitted, we allowed the parties to submit memoranda detailing the appropriate discipline for Odegaard's misconduct. Odegaard did not submit a memorandum or otherwise file any appearance to take a position on what discipline should be imposed.

## ANALYSIS

Because the allegations in the petition are deemed admitted, the only remaining issue is the appropriate discipline for Odegaard. The Director asks us to disbar Odegaard. We bear the "ultimate responsibility" for determining the proper discipline. *In re Kaszynski*, 620 N.W.2d 708, 713 (Minn. 2001) (citation omitted) (internal quotation marks omitted). The purposes of disciplinary sanctions are "to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys." *In re Oberhauser*, 679 N.W.2d 153, 159 (Minn. 2004).

We consider four factors in determining the appropriate discipline to impose: (1) the nature of the misconduct; (2) the cumulative weight of the disciplinary violations; (3) the harm to the public; and (4) the harm to the legal profession. *In re Hansen*, 868 N.W.2d 55, 59 (Minn. 2015). We also consider any aggravating and mitigating factors and look to similar cases to "ensure that our discipline is consistent with prior sanctions." *Id.* at 59–60 (citation omitted) (internal quotation marks omitted). We address each of these considerations in turn.

First, we consider the nature of Odegaard's misconduct. It is misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." Minn. R. Prof. Conduct 8.4(b). Felonies involving crimes of violence are considered serious misconduct that can warrant disbarment, even when they do not involve the practice of law. *In re Pitera*, 827 N.W.2d

2

207, 210 (Minn. 2013). Here, Odegaard murdered his ex-wife in front of their minor child. This is extremely serious misconduct.

Next, we consider the cumulative weight of the misconduct. While this factor does not add to the severity of the appropriate discipline here since only one instance of misconduct is at issue, the misconduct in this case is extremely serious standing alone.

Next, we consider the harm to the public. Odegaard caused tremendous harm: he murdered his ex-wife in front of their child. The harm to the public in this case is severe and tragic.

Finally, we consider the harm to the legal profession. Felony-level crimes of violence "undermine[] the public's confidence in the ability of attorneys to abide by the rule of law." *Pitera*, 827 N.W.2d at 212. As the Director points out, "[m]urder is among the most serious crimes an individual can commit, and it is shocking to the public and profession that a lawyer could engage in such serious criminal conduct." By committing murder, Odegaard caused serious harm to the legal profession.

In addition to the four factors discussed above, in determining the appropriate discipline we also consider whether any aggravating or mitigating circumstances are present. *Hansen*, 868 N.W.2d at 59. The attorney subject to discipline bears the burden to allege and prove mitigating factors. *In re Ulanowski*, 834 N.W.2d 697, 703 (Minn. 2013). Because Odegaard did not answer the petition, there are no mitigating factors for us to consider. Likewise, the Director has not raised any aggravating factors in this case.

Finally, we consider the discipline imposed in similar cases to "ensure that our disciplinary decision is consistent with prior sanctions." *In re Nathanson*, 812 N.W.2d 70,

80 (Minn. 2012). We have imposed disbarment in every case where an attorney was convicted of murder. *See In re Ryan*, 130 N.W.2d 534, 534 (Minn. 1964) (disbarring an attorney convicted of murder in the second degree); *In re Johnson*, 143 N.W.2d 382, 382–83 (Minn. 1966) (disbarring an attorney convicted of murder in the third degree); *In re Thompson*, 209 N.W.2d 412, 414 (Minn. 1973) (disbarring an attorney convicted of murder in the first degree). Imposing disbarment in this case is consistent with our prior sanctions.

## CONCLUSION

For the foregoing reasons, respondent Anders L. Odegaard is disbarred from the practice of law in the State of Minnesota, effective on the date of this opinion. Respondent must comply with Rule 26, RLPR (requiring notice to clients, opposing counsel, and tribunals), and must pay $900 in costs under Rule 24(a), RLPR.

Disbarred.